**COMP**
James J. Lee, Esq.
NV Bar No. 1909
LEGAL OFFICES OF JAMES J LEE
2620 Regatta Drive #102
Las Vegas, NV  89128
james@leelitigate.com
702-664-6545
702-946-1115 (Fax)

## UNITED STATES DISTRICT COURT

## FOR SOUTHERN DISTRICT OF NEVADA

SHELLEY CIMINI,

              Plaintiff,

RICO WHITE individually;
SUTHERLAND GLOBAL
SERVICES, INC., DOES I through X,
and ROE CORPORATIONS I
through X,

              Defendants.

**COMPLAINT**

        COMES NOW, Plaintiff, SHELLEY CIMINI, by and through her attorney, JAMES J.

LEE, ESQ., of LEGAL OFFICES OF JAMES J. LEE, and her Complaint against the

Defendants and each of them states and alleges as follows:

///

///

///

COMPLAINT - 1

## I. PARTIES AND JURISDICTION

1.     This action is brought to remedy Sexual Harassment and Discrimination prohibited under Title VII in violation of the Civil Rights act of 1964 as amended, 42 U.S.C. § 2000e et seq. (Title VII) and the corresponding Nevada revised Statutes (N.R.S) §613.330

2.     Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C § 2000e (f) and (g) and NRS §613.330 et seq.

3.     Venue herein is proper in this District pursuant to §706 (f)(3) of Title VII, 42 U.S.C § 2000e- 5 (f)(3), and under NRS §613.330 et seq., and pursuant to Sections 1331 and 1343 of Title 28. This court has supplemental jurisdiction over the claims arising under the laws of the State of Nevada pursuant to Section 1367 and the principles of pendent claim jurisdiction. Defendants are corporations with offices in the state of Nevada, doing business therein, and the alleged unlawful sexual harassment and discrimination, as well as the state law tortious conduct occurred within the State of Nevada.

## II. PARTIES

1.     Plaintiff, Shelley Cimini, is a citizen of the United States, is a female and a resident of the State of Nevada.

2.     Defendant, Sutherland Global Services, Inc., (hereinafter "Sutherland") is a foreign corporation, incorporated in the state of New York, with businesses in the State of Nevada.

3.     Defendant, Rico White (hereinafter, "White") was at all times relevant an agent and employee of Defendant Sutherland in the State of Nevada.

4.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES I through X and ROE CORPORATIONS I through X are unknown to Plaintiff who therefore sue said Defendants by fictitious names. Plaintiff is informed and

COMPLAINT - 2

believes and therein alleges that each of the Defendants designated as DOES or ROE

CORPORATIONS is responsible in some manner for the events and happenings referred to,

and caused damages proximately to Plaintiff as therein alleged, and that Plaintiff will ask

leave of this court to amend her complaint to insert the true names and capacities of DOES I

through X and ROE CORPORATIONS I through X when the same have been ascertained

and to join such Defendants in this action.

### III. PROCEDURAL REQUIREMENTS

5.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity

Commission (hereinafter, "EEOC") complaining of the acts of sexual harassment alleged

herein.

6.      The EEOC has issued a Right to Sue letter which is attached hereto as Exhibit 1.

7.      Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under

Title VII. Jurisdiction of the Court is proper under § 706 (f)(3) of Title VII, 42 U.S.C. §

2000e- 5 (f)(3), N.R.S. § 613.330 et. seq., and Section 1367.

### IV. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.      In March of 2018 Plaintiff commenced her employment with Sutherland as a team

leader, managing approximately 25 employees. At all relevant times, Plaintiff was a

dedicated employee who received consistently positive performance reviews and

compliments from her clients, co-workers, and supervisors. In fact, Plaintiff's team won a

$10,000 monetary award for excellent performance.

9.      Notwithstanding her excellent performance, from the time that she was hired,

Plaintiff endured severe and pervasive sexual harassment, including but not limited to, crude,

COMPLAINT - 3

1   vulgar, offensive sexual comments and advances and humiliating non-consensual touching

2   by Defendant White.

3   10.      Plaintiff reported this harassment to Sutherland's human resources (hereinafter

4   "HR") and upper management, but nothing was done to prevent the harassment or otherwise

5   protect her.

6   11.      Defendant White was also a team manager. He is married. He is close friends with

7   Sutherland's upper management, including site manager Bob Farsi (hereinafter "Farsi").

8   12.      Within days of her starting, White approached Plaintiff and said, "I want to fuck

9   you." He then went into explicit detail about "what he wanted to do to her." Defendant

10   White's conduct was witnessed by other Sutherland employees.

11   13.      Plaintiff immediately reported this incident to HR agent Kitty Wester, who

12   documented the report and informed Plaintiff that there would be an investigation. In fact, no

13   investigation was conducted, and White's harassment continued.

14   14.      At all relevant times Plaintiff made clear that White's behavior was unwelcome.

15   15.      White habitually followed Plaintiff around the workplace and approached her desk

16   several times a day. He made sure to position himself next to her at meetings. He routinely

17   touched her, brushed up against her, thrust his hips into her, and put his hands around her

18   waist. He constantly offered to give her "massages." He called her "honey" and "baby" and

19   told her how "good looking" she was.

20   16.      At one point, Plaintiff was offered the opportunity to go to the Philippines as part of

21   her job. White told her he was going too and that he would come to her room late at night

22   and "satisfy her" and went into sickening detail. Plaintiff took her name off the list for the

23   trip.

24   COMPLAINT - 4

17.     In or around June of 2017, Eric Padilla (hereinafter "Padilla") an operations manager, informed Plaintiff that a woman named Sharlene had also complained about being sexually harassed by White. Yet again, White was not disciplined, and nothing changed. By then it was clear to Plaintiff that upper management "had White's back." Indeed, on one occasion, senior manager Thomas Yohannes directly heard White making offensive comments to Plaintiff and simply laughed it off saying, "that's just Rico."

18.     In addition to HR, Plaintiff also reported White's behavior to managers Justin Larkin and Leslie Noffsinger. Noffsinger responded that White was "just a pig." All of the managers assured her that they would act to protect her but did nothing.

19.     The harassment Plaintiff endured had a profound effect on Plaintiff's health and well-being. Plaintiff suffers from lupus and the constant stress of the harassment and Sutherland's non-response exacerbated her condition and caused severe anxiety, depression, and insomnia. She lost 47 pounds in 6 months during this period.

20.     On August 30, 2017 Plaintiff was terminated by Padilla and "Evette" from H.R. because, as set forth above, she "left her computer on" while away from her desk. It was quite common for employees to leave their computers on while away from their desks. In fact, Sutherland would never have terminated a quality manager employee like Plaintiff for doing so. In fact, her terminated was pretextual. She was fired in retaliation for complaining about the sexual harassment she endured.

## V.  FIRST CAUSE OF ACTION

### (Sexual Harassment)

21.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 of this Complaint with the same force and effect as if set forth herein.

COMPLAINT - 5

22.     Defendants subjected Plaintiff to severe and pervasive sexual harassment and a hostile work environment resulting in a change in the terms and conditions of her employment in violation of Title VII.

23.     Plaintiff is now suffering and will continue to suffer irreparable injury, mental and emotional distress, and monetary damages as a result of Defendants' discriminatory practices unless and until this Court grants relief.

24.     Plaintiff is therefore entitled to actual, general, and compensatory damages in an amount in excess of $75,000 dollars.

**VI. SECOND CAUSE OF ACTION**

**(Unlawful Discriminatory Employment Practice)**

25.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as if set forth herein.

26.     Defendant White continuously and consistently made sexual comments, remarks, and advances towards Plaintiff, touched her in a harmful and offensive manner, and otherwise created a hostile working environment for Plaintiff because of Plaintiff's gender. At all relevant times Plaintiff made White and Sutherland aware that his harassing conduct was unwelcome.

27.     The facts previously set out constitute an unlawful discrimination as set forth in NRS § 613.330 et. seq., "it is unlawful for an employer to discriminate against an employee on the basis of gender or to otherwise create a hostile work environment for women." Defendant Sutherland discriminated against Plaintiff by creating and allowing a hostile work environment because of Plaintiff's gender. At all relevant times Sutherland knew, or reasonably should have known of White's conduct but did nothing to protect Plaintiff.

COMPLAINT - 6

1  Sutherland likewise condoned and ratified White's misconduct by taking no action and

2  continuing to retain him.

3  28.    Plaintiff is now suffering and will continue to suffer irreparable injury including but

4  not limited to mental and emotional distress, physical manifestations of such emotional

5  distress, and monetary damages as a result of Defendants' discriminatory practices unless

6  and until this Court grants relief. The harassing and discriminatory conduct described was the

7  proximate cause and a substantial factor in causing Plaintiff's harm.

8  29.    Plaintiff is therefore entitled to actual, general, and compensatory damages in an

9  amount in excess of $75,000 dollars.

10  30.    Defendants' acts and omissions were carried out with oppression and malice and

11  Plaintiff demands punitive damages against each Defendant, jointly and severally, in an

12  amount in excess of $75,000.

13  ## VII. THIRD CAUSE OF ACTION

14  **(Assault & Battery)**

15  31.    Plaintiff repeats and realleges each and every allegation contained in paragraphs I

16  through 30 of this Complaint with the same force and effect as if set forth herein.

17  32.    On two or more occasions, Defendant White approached Plaintiff, made lewd and

18  vulgar comments about certain parts of Plaintiff's body, and intended to place Plaintiff In

19  apprehension of an offensive contact with Plaintiff's person.

20  33.    As a result of Defendant White's acts Plaintiff was in fact placed in apprehension of

21  an offensive contact by Defendant White. At all times mentioned, Plaintiff found the contacts

22  made with Plaintiff's body by Defendant White to be extremely rude, harmful, and offensive,

23  and were not at any time consented to by Plaintiff.

24  COMPLAINT - 7

34.    As a direct and proximate result of the sexual assault and battery described Plaintiff was greatly humiliated, shamed, and embarrassed. Plaintiff continues to endure mental suffering, and was, and still is nervous and distraught, all to Plaintiff's damage in a sum in the excess of $75,000.

## VIII. FOURTH CAUSE OF ACTION

### (Retaliation – 42 U.S.C. 2000e-(3)a)

35.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 of this Complaint with the same force and effect as if set forth herein.

36.    Plaintiff engaged in Protected Speech when she complained and reported the sexual harassment, sexual battery, and sexual assault described above.

37.    Defendant Sutherland was notified by Plaintiff that she was a victim of sexual harassment.

38.    Plaintiff was retaliated against by Sutherland for having engaged in Protected Speech.

39.    Sutherland retaliated by terminating her on a pretextual basis.

40.    As a result of these actions, Defendants willfully, wantonly, recklessly, and maliciously violated and continues to violate the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e-16 et seq., by terminating Plaintiff in retaliation for her having complained of sexual harassment in employment practices by Defendants.

41.    As a result of Defendants unlawful conduct in violating Title VII's prohibition against reprisal, Plaintiff has suffered and continues to suffer damage in the form of lost promotional opportunities, lost wages, and other benefits associated with such reputation, embarrassment, humiliation, and mental and emotional pain, including, without limitation, physical pain and injuries related to stress and anxiety

COMPLAINT - 8

42.     Plaintiff is therefore entitled to actual, general, and compensatory damages in an amount in excess of $75,000 dollars.

43.     Defendants' acts and omissions were carried out with oppression and malice and Plaintiff demands punitive damages against each Defendant, jointly and severally, in an amount in excess of $75,000.

## VIII. FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

44.     Plaintiff repeats and realleges each and every allegation contained in paragraphs I through 43 of this Complaint with the same force and effect as if set forth herein.

45. Defendant White made unlawful sexual advances, discriminated against Plaintiff based on gender, assaulted, battered, and retaliated against Plaintiff during working hours. Plaintiff rebuffed Defendant White's advances and refused to have any sexual contact with Defendant White whatsoever.

46.     At all times Plaintiff clearly rejected all of Defendant White's advances. White ignored Plaintiff's objections. Sutherland knew of White's wrongful conduct and did nothing to protect Plaintiff, ratified White's conduct and retaliated and discriminated against Plaintiff for reporting such conduct. The actions of Defendants were outrageous, intentional, malicious, and done with reckless disregard of the fact that Defendants would certainly cause Plaintiff to suffer severe emotional distress.

45.     As a direct and proximate result of Defendants' actions, Plaintiff suffers severe emotional distress in the form of fear, nervousness, anxiety, worry, indignity and depression. Defendants conduct created a work environment extremely detrimental to Plaintiff's emotional and physical health and exacerbated her existing auto-immune disease.

COMPLAINT - 9

46.     As a further direct and proximate result of Defendants' conduct Plaintiff has suffered damages in the form of lost wages and lost promotional opportunities in an amount to be proven at trial.

47.     As a result of Defendants' acts, Plaintiff has suffered and will continue to suffer monetary damages as a result of severe emotional distress unless and until this Court grants relief.

## IX. SIXTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

48.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 47 of this Complaint with the same force and effect as if set forth herein.

49.     Defendants, and each of them, knew or should have known, that failure to exercise due care in their acts and omissions, above described, would cause Plaintiff severe emotional distress.

50.     As a proximate result of the acts of all Defendants, Plaintiff suffers severe emotional distress, including humiliation, mental anguish, and severe emotional distress with physical manifestations, all to Plaintiff's damages in a sum in excess $75,000.

51.     As a further proximate result of the above-mentioned acts, Plaintiff is required to and did employ physicians to treat and care for her and incurred additional medical expenses and other incidental expenses in an amount not yet ascertained. Plaintiff is informed and believes and therefore alleges that she will incur additional expenses.

## X. SEVENTH CAUSE OF ACTION

### (Negligent Retention of Employees)

COMPLAINT - 10

52.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 51 of this Complaint with the same force and effect as if set forth herein.

53.     Upon information, including Plaintiff's charge of sexual harassment and Plaintiff's complaint filed with the EEOC, Defendant Sutherland knew or should have known Defendant White's conduct was against company policy and was in violation of Title VII of the Civil Rights Act of 1964. Defendant Sutherland had knowledge, either constructive or actual, of Defendant White's sexual harassment of Plaintiff and other females in the workplace, and unlawful employment practices towards Plaintiff.

54.     Defendant Sutherland had a duty of reasonable care to retain only competent qualified and safe employees.

55.     Defendant Sutherland breached its duty to Plaintiff by retaining White as an employee.

56.     Defendant Sutherland's actions in failing to exercise its duty to Plaintiff by retaining an employee who exhibited sexual harassment was a proximate cause of the injuries and loss complained of by Plaintiff.

57.     Defendant Sutherland's actions and omissions were willful and wanton, with complete and gross disregard for Plaintiff's employment and psychological well-being.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment:

    1.     Directing Defendants to pay compensatory damages to Plaintiff for:

        (a)     Mental and emotional distress in a sum in excess of $75,000;

        (b)     General and special damages in a sum in excess of $75,000;

        (c)     Punitive damages in a sum in excess of $75,000;

        (d)     Attorney's fees according to law;

COMPLAINT - 11

(e)     Costs of suit incurred herein;

(e)     Such other and further relief as this court deems just and proper.

DEMAND FOR A TRIAL BY JURY


Dated this 12th day of April, 2019.


                              /s/James Lee
                              James J. Lee Esq.
                              Nevada Bar no. 01909

COMPLAINT - 12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**EXHIBIT A**

COMPLAINT - 13

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Shelley Cimini<br>c/o KETTNER LAW, APC<br>Attn: James J. Lee<br>2150 W. Washington Street Suite 402<br>San Diego, CA 92110 | From: Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
| --- | --- |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 487-2018-01452 | Brian Gorecki,<br>Investigator | (702) 388-5099 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

MAR 1 8 2019

Enclosures(s)

**Wendy K. Martin,
Local Office Director**

*(Date Mailed)*

cc:   SUTHERLAND GLOBAL SERVICES INC.
Attn: Rene Lafferty
Sr Principal, HR Operations & Shared Services
1180 Jefferson Road
Rochester, NY 14623

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*