UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHELLEY CIMINI,

    Plaintiff(s),

v.

RICO WHITE, et al.,

    Defendant(s).

Case No.: 2:19-cv-01027-JCM-NJK

**Order**

[Docket No. 31]

On January 2, 2020, the Court granted the motion to compel filed by Defendant Sutherland Global Services, Inc. Docket No. 30. The Court also therein granted Sutherland Global's request for sanctions. *Id.* On January 9, 2020, Sutherland Global filed paperwork documenting the attorneys' fees it seeks to recover pursuant to that order. Docket No. 31. Plaintiff had until January 16, 2020, to respond. *See* Docket No. 30 at 1. Plaintiff has not filed any such response.

# I.    LODESTAR CALCULATION

The amount of fees awardable under Rule 37 of the Federal Rules of Civil Procedure is determined using the familiar lodestar approach. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 587 (D. Nev. 2013). Under the lodestar method, the Court determines a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[1] The Ninth Circuit has made clear that

---

[1] Adjustments to the lodestar are proper in only "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). A departure from the lodestar is not warranted in this case.

1

"the district court is required to independently review [a] fee request even absent [] objections." *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992).

A.  Reasonable Hours

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g., Marrocco*, 291 F.R.D. at 588. The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates*, 987 F.2d at 1398). The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433. In making the determination of the reasonableness of hours expended on discovery motions, "the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." *See, e.g.*, *Marrocco*, 291 F.R.D. at 588.

In this case, Sutherland Global seeks to recover for the time expended by two attorneys. *See* Docket No. 31-2. With respect to Z. Kathryn Branson, much of her time expended is not recoverable. First, Sutherland Global seeks to recover for the time expended in relation to the meet-and-confer process. *See id.* at 2. The case law in this District has long been clear that such time is not recoverable absent unusual circumstances. *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5324787, at *6 & n.12 (D. Nev. Sept. 20, 2013) (collecting cases). Such time is not recoverable here. Second, Sutherland Global seeks to recover for the time expended strategizing about the potential that disclosures would be made before an opposition was filed and in preparing to file a notice of non-opposition. *See* Docket No. 31-2 at 2. Neither of these tasks was reasonably necessary. Spending time formulating a strategy based on speculation of a litigation opponent's potential filing (which was never made) is not reasonable for purposes of the lodestar analysis. The filing of a notice of non-opposition is also unnecessary under the rules, as the Court can

enforce its deadlines without any such filing, so that time is also not reasonable for purposes of the lodestar analysis. Excising the above time leaves Ms. Branson with 1.5 hours spent strategizing for the motion to compel, strategizing for the timing of the motion to compel, drafting a portion of the motion to compel, and reviewing the motion to compel. *See id.* As a general matter, this time is recoverable as reasonably incurred in relation to the motion to compel. At the same time, the record reflects billing in quarter-hour increments. *See id.* Courts generally look with disfavor on such billing because it is a less reliable indicator of the time actually expended than billing in tenth-hour increments. *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948-49 (9th Cir. 2007); *see also Pool v. Gail Willey Landscaping, Inc.*, 2017 WL 343640, at *2 (D. Nev. Jan. 23, 2017) (finding quarter-hour billing to be "worrisome"). Coupled with some of the vague entries at issue, like "[s]trategy regarding timing of motion to compel Monday," the use of the quarter-billing increments warrants a 20% reduction in the recoverable hours. As such, the Court finds that 1.2 hours of Ms. Branson's time is recoverable here.

Sutherland Global also seeks to recover for 6.25 hours expended by Diana G. Dickinson, whose hours relate exclusively to the drafting of the motion to compel and supporting documentation. Docket No. 31-2 at 2. These hours are reasonable based on the work required for the motion to compel, but will be reduced by 20% for the reasons discussed above. As such, the Court finds that 5 hours of Ms. Dickinson's time is recoverable here.

B.  Reasonable Hourly Rate

Having determined the hours reasonably expended by counsel, the Court turns to the hourly rate with which to calculate the lodestar. The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. *Camacho*, 523 F.3d at 980. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the

[movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Ms. Branson has approximately ten years of litigation experience, while Ms. Dickinson has approximately six years of experience. Global Sutherland is requesting to recover at the hourly rates that these attorneys ordinarily charge their clients, which is $325 and $260 respectively. With respect to Ms. Branson, the Court finds her requested rate to be a reasonable one. *Cf. Kiessling v. Rader*, 2017 WL 112865, at *3 (D. Nev. Mar. 24, 2017) (awarding rate of $350 for attorney with 14 years of experience). With respect to Ms. Dickinson, the Court has found that an hourly rate of up to $250 is generally the prevailing rate for an experienced associate. *Cf. SVI, Inc. v. Supreme Corp.*, 2018 WL 1718560, at *3-4 (D. Nev. Apr. 9, 2018) (awarding rate of $225 for associate with seven years of experience).

Therefore, the reasonable rate for Ms. Branson is $325 and the reasonable rate for Ms. Dickinson is $250.

### C. Lodestar Total

Accordingly, the Court awards $390 for the time expended by Ms. Branson and $1,250 for the time expended by Ms. Dickinson, for a total of $1,640.

## II. CONCLUSION

For the reasons explained above, Global Sutherland is awarded attorneys' fees in the amount of $1,640. Payment must be made by February 4, 2020.

IT IS SO ORDERED.

Dated: January 21, 2020

_____
Nancy J. Koppe
United States Magistrate Judge